UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. HEZEDEAN A. SMITH

       Plaintiff,

v.                                                          Case No.:  8:25-cv-01785

POLK COUNTY BOARD OF
COUNTY COMMISSIONERS,

       Defendant.
_____/

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Polk County Board of County Commissioners (hereinafter "Defendant" or "BoCC"), by and through its undersigned attorneys, hereby answers Plaintiff's Complaint. Responding to the separately enumerated paragraphs therein, Defendant states as follows:

## Nature of the Action

1. In response to Paragraph No. 1 of the Complaint, Defendant acknowledges only that Plaintiff purports to bring claims pursuant to *Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.,* as amended, but Defendant denies that it or its agents engaged in any unlawful conduct or that Plaintiff is entitled to any relief whatsoever.

1

## Jurisdiction and Venue

2. In response to Paragraph No. 2 of the Complaint, Defendant states that it calls for a legal conclusion, and, therefore, does not require a response. To the extent a response is required, Defendant admits that this Court has jurisdiction over Plaintiff's claims, but Defendant denies that it or its agents engaged in any unlawful conduct or that Plaintiff is entitled to any relief whatsoever.

3. In response to Paragraph No. 3 of the Complaint, Defendant states that it calls for a legal conclusion, and, therefore, does not require a response. To the extent a response is required, Defendant admits only that the Middle District of Florida, Tampa Division is a proper venue for Plaintiff's claims, but Defendant denies that it or its agents engaged in any unlawful conduct or that Plaintiff is entitled to any relief whatsoever.

4. In response to Paragraph No. 4 of the Complaint, Defendant states that it calls for a legal conclusion, and, therefore, does not require a response. To the extent a response is required, Defendant states Plaintiff's charge of discrimination and notice of right to sue speak for themselves.

5. In response to Paragraph No. 5 of the Complaint, Defendant admits only that it employed Plaintiff Dr. Hezedean A. Smith from November 11, 2022 until his resignation on November 26, 2024. Defendant admits, only upon information and belief, that Plaintiff self-identified as a Black Jamaican-American and was a military veteran. Defendant denies any remaining allegations.

13479497v3

6. In response to Paragraph No. 6 of the Complaint, Defendant states that it calls for a legal conclusion, and, therefore, does not require a response. To the extent a response is required, Defendant admits that it is a Florida governmental entity with its principal place of business at 330 W. Church St., Bartow, FL 33830. Defendant denies any remaining allegations.

## Factual Allegations

7. In response to Paragraph No. 7 of the Complaint, Defendant admits only that it hired Plaintiff as Fire Chief for Polk County Fire Rescue ("PCFR") effective November 7, 2022, and Defendant considered that position to be one of significant responsibility and trust. Defendant denies any remaining allegations.

8. In response to Paragraph No. 8 of the Complaint, Defendant admits only that upon the time it hired Plaintiff, it believed he was qualified for the position as Fire Chief for Polk County Fire Rescue. Defendant denies any remaining allegations.

9. In response to Paragraph No. 9 of the Complaint, Defendant admits only that it terminated a Battalion Chief on or about January 5, 2024. Defendant denies all remaining allegations.

10. In response to Paragraph 10 of the Complaint, Defendant admits individuals, included fire rescue personnel raised concerns over the termination and general management issues within the Division. Defendant denies any remaining allegations.

11. In response to Paragraph 11 of the Complaint, Defendant admits individuals approached members of the Board of County Commissioners to discuss their concerns regarding issues pertaining to PCFR's management and operations. Defendant denies any remaining allegations.

12. In response to Paragraph 12 of the Complaint, Defendant is without sufficient knowledge as to the meeting referenced following the unidentified Board meeting. Therefore, Defendant denies the allegations in this Paragraph.

13. In response to Paragraph 13 of the Complaint, Defendant is without sufficient knowledge as to the meeting referenced following the unidentified Board meeting. Therefore, Defendant denies the allegations in this Paragraph.

14. In response to Paragraph 14 of the Complaint, Defendant admits it hired the law firm to review the management of the PCFR. Defendant denies any remaining in this Paragraph.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph No. 16 of the Complaint.

17. Defendant denies the allegations in Paragraph No. 17 of the Complaint.

18. Defendant denies the allegations in Paragraph No. 18 of the Complaint.

19. Defendant denies the allegations in Paragraph No. 19 of the Complaint.

20. Defendant denies the allegations in Paragraph No. 20 of the Complaint.

21. Defendant denies the allegations in Paragraph No. 21 of the Complaint.

22. Defendant denies the allegations in Paragraph No. 22 of the Complaint.

### Count I: Racial Discrimination in Violation of Title VII

23. In response to Paragraph No. 23 of the Complaint, Defendant restates and incorporates its responses to Paragraph Nos. 1 through 22.

24. Defendant denies the allegations in Paragraph No. 24 of the Complaint.

25. Defendant denies the allegations in Paragraph No. 25 of the Complaint.

26. Defendant denies the allegations in Paragraph No. 26 of the Complaint.

27. Defendant denies the allegations in Paragraph No. 27 of the Complaint.

### Count II: Retaliation in Violation of Title VII

28. In response to Paragraph No. 28 of the Complaint, Defendant restates and incorporates its responses to Paragraph Nos. 1 through 27.

13479497v3

29. Defendant denies the allegations in Paragraph No. 29 of the Complaint.

30. Defendant denies the allegations in Paragraph No. 30 of the Complaint.

31. Defendant denies the allegations in Paragraph No. 31 of the Complaint.

32. Defendant denies the allegations in Paragraph No. 32 of the Complaint.

33. Defendant denies the allegations in Paragraph No. 33 of the Complaint.

## **Damages**

34. In response to Paragraph No. 34 of the Complaint, Defendant specifically denies that it engaged in any discriminatory or retaliatory conduct or that any such conduct was a direct and proximate cause of any damage to Plaintiff. Defendant specifically denies that any specific relief requested in subsections (a) through (e) is appropriate in this case.

35. Defendant denies the allegations in Paragraph No. 35 of the Complaint.

### **Damages**

Defendant specifically denies that Plaintiff is entitled to any relief prayed for in the "WHEREFORE" clause following Paragraph No. 35 and denies that any specific relief requested in subsections (A) through (F) is appropriate in this case.

### **Jury Demand**

Defendant states that no response is necessary to Plaintiff's demand for a jury trial. However, Defendant denies that it or its agents engaged in any unlawful conduct and denies that Plaintiff is entitled to any recovery whatsoever.

Defendant denies any allegation not specifically admitted above.

### **DEFENSES**

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendant continues to investigate Plaintiff's allegations and, therefore, reserves the right to amend its Answer and Defenses in accordance with the Court Rules and law.

### **FIRST DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff failed to comply with the jurisdictional and/or administrative prerequisites of Title VII, as applicable.

## SECOND DEFENSE

Plaintiff's claims are barred to the extent they were not presented to the EEOC or the FCHR in a timely fashion and to the extent they did not occur within the time frames prescribed by law under Title VII.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of and/or are inconsistent with the Charge of Discrimination Plaintiff filed with the EEOC and/or the FCHR, as applicable.

## FOURTH DEFENSE

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, any injuries for which Plaintiff may be seeking relief were caused, in whole or in part, by his own acts or omissions or by the conduct of others for whom Defendant is not liable.

## FIFTH DEFENSE

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Defendant's actions with regard to Plaintiff were in good faith and Defendant had reasonable grounds to believe that any acts or omissions were not

13479497v3

in violation of Title VII, including court decisions, written administrative regulations, orders, rulings, or approvals, or interpretations by the administrator of the EEOC and other administrative practice and enforcement policies of such agency.

### SIXTH DEFENSE

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, in the unlikely event a jury could find that Defendant's conduct was motivated by a prohibited fact, which is denied, Defendant would have taken the same employment action against Plaintiff even in the absence of the alleged impermissible motivating factor.

### SEVENTH DEFENSE

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiff's claims and/or damages may be limited, in whole or in part, by the doctrine of after-acquired evidence.

### EIGHTH DEFENSE

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without

9

admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, in the event Plaintiff is determined to be entitled to back or front pay (which is denied), Plaintiff failed to mitigate his damages.

## NINTH DEFENSE

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, any claim for damages must be set off and/or reduced by wages, compensation, pay, commissions, benefits, and all other earnings or remunerations, profits, and benefits which accrued to Plaintiff, including those paid by collateral sources, after the alleged unlawful act, or which were earnable or receivable with reasonable diligence.

## TENTH DEFENSE

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Defendant is not liable for punitive damages under federal law because no agent of Defendant sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's protected rights.

13479497v3

## **ELEVENTH DEFENSE**

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, to the extent Plaintiff makes a claim for punitive damages without any monetary limit, such demand violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and Florida law; violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and pertinent provisions of the Constitution of the State of Florida; and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Florida; and, therefore, any such demand fails to state a cause of action supporting any punitive damages claimed.

WHEREFORE, Defendant Polk County Board of County Commissioners BoCC), respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and attorneys' fees incurred in this action, and award Defendant any other relief that this Court deems just and proper.

Respectfully submitted this 2nd day of October 2025.

/s/ David Steffen
David P. Steffen, Esq. FBN 0154717

13479497v3

>dsteffen@constangy.com
>Nicole H. Bermel, Esq. FBN 0116158
>nbermel@constangy.com
>CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
>100 North Tampa Street, Suite 2650
>Tampa, Florida 33602-5832
>(813) 223-7166 / Fax: (813) 223-2515
>tampa@constangy.com
>*Attorney for Defendant BoCC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October 2025, I electronically filed the foregoing document using the CM/ECF system, which will send an electronic copy of this document to the following:

| Michael G. Mann, Esq. | Charles Tucker Jr., Esq. |
|---|---|
| MANN Trial Attorneys | Tucker McCann Law Group LLP |
| 4300 Bayou Blvd., Ste. 16 | 4933 Auburn Avenue, 2nd Floor |
| Pensacola, FL 32503 | Bethesda, MD 20814 |
| mike@themann.law | ctucker@tuckermccanngroupllp.onmicrosoft.com |
| eservice@themann.law | *Pro Hac Vice (Pending) Attorney for Plaintiff* |
| *Local Counsel for Plaintiff* | |

>/s/ David Steffen
>Attorney for Defendant BoCC

13479497v3